UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY PARISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-00478-JPH-MKK |
| | ) |
| INDIANA DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING AMENDED COMPLAINT
AND DIRECTING ISSUANCE OF PROCESS**

Anthony Parish-El alleges violations of his rights as a prisoner at Wabash Valley Correctional Facility. Because he is a prisoner, the Court must screen his amended complaint pursuant to 28 U.S.C. § 1915A.

### I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Parish-El asserts claims for damages against the Warden of Wabash Valley Correctional Facility, Lieutenant Ewers, the medical staff, and Wexford, which previously contracted to provide medical services to Indiana Department of Correction prisons. He bases his claims on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

In January 2023, Mr. Parish-el believed he had mold growing in his cell and in the air vents in his cell. He sent a sample to be tested, and a lab confirmed it was mold.

Mr. Parish-el submitted a grievance about the mold, and Lieutenant Ewers responded that the prison staff would check the vent and bring him chemicals to clean the mold. Neither happened.

In February 2023, Mr. Parish-El's toilet flooded. He slipped in the water, fell, and injured his neck and back. Lieutenant Ewers and others deliberately left him in the cell, which was flooded with toilet water and feces.

Mr. Parish-El requested medical treatment when his exposure to mold began to make him sick. However, the medical staff offered no attention and responded that cleaning mold was the responsibility of the custody staff. After

2

he fell in the toilet water, he requested treatment for his injuries but never received any attention.

### III. Discussion of Claims

The action **will proceed** with Eighth Amendment claims against Lieutenant Ewers pursuant to 42 U.S.C. § 1983. These claims will be based on allegations that Lieutenant Ewers was deliberately indifferent to the problem of mold in Mr. Parish-El-El's cell and to his confinement in a sewage-flooded cell.

Claims against the warden are **dismissed**. "Liability under [42 U.S.C.] § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). No allegations support a reasonable inference that the warden was involved in or responsible for failing to remediate the mold in Mr. Parish's cell or failing to assist him when his cell flooded.

Any claims against individual medical practitioners are **dismissed** for the same reason: The amended complaint does not identify any individual medical defendants, much less allege that they were responsible for or involved in denying Mr. Parish's medical requests.

Finally, any claims against a corporate medical care provider are **dismissed**. Such entities act under color of state law by providing medical care

3

to state prisoners, so they are treated like municipalities for purposes of § 1983. *Walker v. Wexford Health Sources*, 940 F.3d 954, 966 (7th Cir. 2019). A municipality "cannot be held liable for damages . . . on a theory of *respondeat superior* for constitutional violations committed by [its] employees. [It] can, however, be held liable for unconstitutional . . . policies or customs." *Simpson v. Brown County*, 860 F.3d 1001, 1005–06 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978)). "The central question is always whether an official policy, however expressed . . . , caused the constitutional deprivation." *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372,379 (7th Cir. 2017) (*en banc*). Put otherwise, "is the action about which the plaintiff is complaining one of the institution itself, or is it merely one undertaken by a subordinate actor?" *Id.* at 381.No allegation in the amended complaint supports a reasonable inference that Mr. Parish-El's medical care requests were ignored because of a corporate policy, practice, or custom as opposed to the ignorance of an individual staff member.

### IV. Conclusion and Issuance of Process

As discussed in Part III, this action **will proceed** with Eighth Amendment claims against Lieutenant Ewers pursuant to 42 U.S.C. § 1983. All other claims are **dismissed**. The **clerk is directed** to **add** Lieutenant Ewers to the docket as a defendant and **terminate** all other defendants.

The claims discussed in Part III are the only claims the Court identified in the amended complaint. If Mr. Parish-El believes he asserted additional claims, he must file a motion to reconsider this order **no later than May 19, 2025**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants electronically in the manner specified by Rule 4(d). Process will consist of the amended complaint (dkt. [9]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

The **clerk is directed** to change Mr. Parish-El's address on the docket as it appears below.

**SO ORDERED.**

Date: 4/22/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTHONY PARISH
166842
Miami Correctional Facility
3038 West 850 South
Bunker Hill, IN 46914